■ In the Matter of FIELD HOME-HOLY COMFORTER, Appellant, v BARBARA A. DeBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [657 NYS2d 943] —In a proceeding pursuant to CPLR article 78, *inter*

*alia,* to annul a determination of the respondents to include the petitioner in the Westchester/Rockland Resource Utilization Group for purposes of Medicaid reimbursement, the appeal is (1) from a judgment of the Supreme Court, Westchester County (Scarpino, J.), entered March 25, 1996, which denied the petition and dismissed the proceeding, and (2) as limited by the petitioner's brief, from so much of an order of the same court, entered October 3, 1996, as, upon reargument and renewal, adhered to its original determination.

Ordered that on the Court's own motion the notice of appeal from the order entered October 3, 1996, is deemed an application for leave to appeal and leave to appeal from the order entered October 3, 1996, is granted; and it is further,

Ordered that the appeal from the judgment entered March 25, 1996, is dismissed, as that judgment was superseded by the order entered October 3, 1996, made upon reargument and renewal; and it is further,

Ordered that the order entered October 3, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

Contrary to the petitioner's contention, the Supreme Court properly dismissed the proceeding. The doctrine of res judicata, or claim preclusion, provides that "as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action" (*Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485; *see also, Matter of Reilly v Reid*, 45 NY2d 24; 5 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 5011.07, 5011.08). Further, under the "transactional analysis" method adopted by the Court of Appeals, the doctrine of res judicata also operates to preclude the litigation of matters that could have or should have been raised in a prior proceeding arising from the same "factual grouping", "transaction", or "series of transactions" (*Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193; *Matter of Reilly v Reid, supra; Koether v Generalow*, 213 AD2d 379). Here, scrutiny of the petitioner's claims reveals that under a "transactional analysis", they were properly dismissed on the ground of res judicata based upon an adjudication in a prior proceeding between the parties (*see, Matter of Field Home-Holy Comforter v Commissioner of N. Y. State Dept. of Health*, 200 AD2d 927; *Parker v Hoefer*, 2 NY2d 612, *cert denied* 355 US 833).

In light of our determination, we need not reach the petitioner's remaining contentions. Rosenblatt, J. P., Miller, Thompson and Friedmann, JJ., concur.