■ JAMES STULBERGER et al., Appellants, v ELEANOR BELLUCCI et al., Defendants, and STEVEN ROTHBAUM, Respondent. [674 NYS2d 772] —In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated June 26, 1997, which, upon an order granting the motion of the defendant Steven Rothbaum to dismiss the complaint insofar as asserted against him as time-barred, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced the instant action by the filing of a summons and complaint on October 19, 1994. Although the other defendants were timely served, and proof of service was timely filed, the defendant Dr. Steven Rothbaum was not served until August 1995.

Since the plaintiff admittedly failed to serve Rothbaum and to file proof of service within 120 days after the filing of the initial summons and complaint on October 19, 1994, and since Rothbaum did not appear within that 120-day period, the plaintiff's action was automatically deemed dismissed as to him (*see,* CPLR 306-b [a] [L 1992, ch 216, § 7, repealed by L

1997, ch 476, § 1]; *Bochen v Schieffelin & Somerset Co.,* 242 AD2d 314; *Brackett v St. Mary's Hosp.,* 233 AD2d 357). Moreover, the service of the summons and complaint upon the defendant in August 1995 was beyond the additional 120-day period then provided by CPLR 306-b.

The plaintiff's attempt to avoid the consequences of his failure to comply with the provisions of CPLR 306-b by arguing that Rothbaum was united in interest with the codefendant Great Neck Women's Health Care, which had been properly served, is unavailing. The record supports the Supreme Court's determination that Rothbaum was merely an independent contractor having no unity of interest with that codefendant (*see, Raschel v Rish,* 69 NY2d 694). Miller, J. P., Thompson, Joy and Florio, JJ., concur.