■ FRANK GIORDANO, Appellant, v TOYS "R" Us, INC., et al., Respondents. (And a Third-Party Action.) [714 NYS2d 746] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 17, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The doctrine of res ipsa loquitur permits an inference of negligence to be drawn solely from the happening of an accident "upon the theory that 'certain occurrences contain within themselves a sufficient basis for an inference of negligence'" (*Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226, quoting *Foltis, Inc. v City of New York,* 287 NY 108, 116). The

doctrine applies in cases where the event (1) is of a kind which ordinarily does not occur in the absence of someone's negligence, (2) is caused by an agency or instrumentality within the exclusive control of the defendant, and (3) is not due to any voluntary action or contribution on the part of the plaintiff (*see, Dermatossian v New York City Tr. Auth., supra,* at 226; *see also, Thompson v Pizza Hut,* 262 AD2d 302).

Contrary to the plaintiff's contention, the Supreme Court properly found that the exclusive control element of the res ipsa doctrine was not satisfied. The record reveals that the plaintiff and two co-workers were moving cartons of toys in the defendants' crowded stockroom when an unsecured wooden board or wall panel fell and struck the plaintiff. Since the evidence is equally consistent with a finding that the plaintiff or his co-workers could have disturbed the panel, causing it to fall, the plaintiff failed to show that the defendants had control "of sufficient exclusivity to fairly rule out the chance that the [alleged defect] was caused by some agency other than the defendant's negligence" (*Dermatossian v New York City Tr. Auth., supra,* at 228; *see also, Ruggiero v Waldbaums Supermarkets,* 242 AD2d 268). Accordingly, since the plaintiff's case was based solely on the applicability of the doctrine of res ipsa loquitur, the court did not err in granting the defendants' motion for summary judgment. O'Brien, J. P., Altman, Krausman and Goldstein, JJ., concur.