■ DERYCK PATRICK, Appellant, v BALLY's TOTAL FITNESS, Defendant and Third-Party Plaintiff-Respondent. COVERALL

CLEANING CONCEPTS, Third-Party Defendant-Respondent. [739 NYS2d 186] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 18, 2000, which granted the separate motions of the defendant third-party plaintiff and third-party defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff fell through a metal grate into a drainage pit while working as a janitor at the defendant Bally's Total Fitness (hereinafter Bally). The plaintiff was an employee of a franchisee of the third-party defendant cleaning service (hereinafter Coverall). The Supreme Court granted the separate motions for summary judgment of Bally and Coverall, and we affirm.

The owner or possessor of property has a duty to maintain the property in a reasonably safe condition and may be held liable for injuries arising from a dangerous condition on the property if such owner or possessor either created the condition, or had actual or constructive notice of it and a reasonable time within which to remedy it (*see, Freidah v Hamlet Golf & Country Club*, 272 AD2d 572). To establish constructive notice, the plaintiff must show that the defect was visible and apparent, and existed for a sufficient length of time prior to the accident for the owner to discover and remedy it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *Rojas v Supermarkets Gen. Corp.*, 238 AD2d 393).

Bally met its initial burden of showing, as a matter of law, that it neither created the alleged defective condition of the grate nor had actual or constructive notice of it. In opposition, the plaintiff failed to raise a triable issue of fact as to whether Bally created the alleged defect, or whether the alleged defect was visible and apparent and existed for a sufficient length of time before the accident to permit Bally's employees to remedy it. The plaintiff testified that he worked in the closet where the drainage pit was located on a daily basis. However, there is no indication that he noticed any defect. In addition, Bally's manager did not receive any complaints about the condition of the metal grate over the drainage pit.

Furthermore, the plaintiff failed to present evidence to raise an issue of fact as to the applicability of res ipsa loquitur. The doctrine of res ipsa loquitur allows an inference of negligence to be drawn from the circumstances of an occurrence, such that it creates a prima facie case of negligence (*see, Dermatossian v New York City Tr. Auth.*, 67 NY2d 219). To invoke the doctrine

of res ipsa loquitur, the plaintiff must establish: "(1) the event [was] of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it [was] caused by an agency or instrumentality within the exclusive control of the defendant; (3) it [was not] due to any voluntary action or contribution on the part of the plaintiff." (*Dermatossian v New York City Tr. Auth., supra* at 226 [internal quotation marks omitted]). Here, there is no evidence that Bally had exclusive control over the closet at issue, as individuals other than its employees had access to the closet. The plaintiff, an employee of the Coverall franchi*see,* testified that he entered the closet at least once daily. Thus, the exclusive control element of the res ipsa loquitur doctrine cannot be established (*see, Giordano v Toys "R" Us,* 276 AD2d 669). Accordingly, Bally was properly awarded summary judgment.

Patrick offers no argument as to why Coverall was not entitled to summary judgment. Thus, that branch of the order granting Coverall summary judgment is also affirmed. Florio, J.P., O'Brien, H. Miller and Townes, JJ., concur.