■ Johannes H. Jansen, Appellant, v Roosevelt Union Free School District, Respondent. [755 NYS2d 284] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Davis, J.), entered December 3, 2001, which, upon an order of the same court dated October 22, 2001, granting the defendant's motion for summary judgment dismissing the complaint and denying the plaintiff's cross motion for summary judgment on the issue of liability, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On September 22, 1999, a student at Roosevelt High School attempted to move a volleyball stanchion, consisting of a pole and a base, from the floor of a hallway to permit the plaintiff access to a bathroom. As he did so, the pole separated from the base, and the base fell on the plaintiff's foot, causing injury.

The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for summary judgment on the issue of liability. We affirm.

The defendant established its prima facie entitlement to judgment as a matter of law by showing that it did not create or have actual or constructive notice of the defective condition (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]). In opposition, the plaintiff failed to raise any material factual issue requiring a trial (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted summary judgment to the defendant.

Moreover, the Supreme Court correctly concluded that the doctrine of res ipsa loquitur was inapplicable to the plaintiff's claim. To invoke that doctrine, a plaintiff must establish that (1) the event is one which does not ordinarily occur in the absence of someone's negligence, (2) the event was caused by an agency or instrumentality within the defendant's exclusive control, and (3) the event was not due to any voluntary action or contribution by the plaintiff (see Giordano v Toys "R" Us, 276 AD2d 669 [2000]). Here, the defendant lacked exclusive control over the equipment in the hallway. Although school was not yet in session, the football team had been practicing for several weeks. According to the school's football coach, both the team and other students had access to the gym and the hallway in which the defective stanchion was located before the plaintiff's accident. Under these circumstances, it cannot

be said that the defendant exercised exclusive control over the instrumentality that caused the plaintiff's injury (*see Patrick v Bally's Total Fitness,* 292 AD2d 433, 435 [2002]; *Giordano v Toys "R" Us, supra*). Therefore the Supreme Court correctly denied the plaintiff's cross motion for summary judgment on the issue of liability. Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.