■ MARY LOU SOWA, Respondent, v S.J.N.H. REALTY CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. PROPOCO, INC., et al., Third-Party Defendants-Appellants. [800 NYS2d 749]—

In an action to recover damages for personal injuries, the third-party defendants appeal from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated October 28, 2003, as granted that branch of the plaintiff's cross motion which was for leave to serve an amended complaint asserting causes of action pursuant to the Labor Law directly against them as defendants in the main action, and the defendants third-party plaintiffs separately appeal, as limited by their notice of appeal and brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was for leave to serve an amended complaint asserting causes of action pursuant to the Labor Law.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with one bill of costs payable to the appellants, the motion is granted, the cross motion is denied, and the complaint is dismissed.

The plaintiff, a hairdresser working at the defendants third-party plaintiffs' nursing home pursuant to a contract with her employer, allegedly sustained physical injuries when she was struck by the top of a window. The top of the window apparently had become disengaged from the window frame when it was opened earlier in the day. As the plaintiff closed the window, the top part allegedly fell inward, striking her head.

Contrary to the Supreme Court's conclusion, the defendants third-party plaintiffs' (hereinafter the defendants) motion for summary judgment dismissing the complaint should have been granted. "The owner or possessor of property has a duty to maintain the property in a reasonably safe condition and may be held liable for injuries arising from a dangerous condition on the property if such owner or possessor either created the condition, or had actual or constructive notice of it and a reasonable time within which to remedy it" (*Patrick v Bally's Total Fit-*

*ness,* 292 AD2d 433, 434 [2002]). The defendants demonstrated their prima facie entitlement to judgment as a matter of law by showing that there had been no prior complaints of any dangerous condition regarding the window in question (*see Joseph v Hemlok Realty Corp.,* 6 AD3d 392 [2004]). Moreover, the defendants demonstrated that there was nothing wrong with the window after the accident.

In opposition, the plaintiff failed to raise a triable issue of fact as to whether a defective condition existed (*see Lara v Saint John's Univ.,* 289 AD2d 457 [2001]). Moreover, the plaintiff may not successfully invoke the doctrine of res ipsa loquitur to defeat the defendants' motion as she failed to establish that the window was under the defendants' exclusive control (*see Dermatossian v New York City Tr. Auth.,* 67 NY2d 219 [1986]). Indeed, according to the plaintiff's own account, an unidentified construction worker opened the window at her request, before the accident, thus giving rise to an inference that he may have caused it to malfunction (*see Cruz v 850 Third Ave. Ltd. Partnership,* 186 AD2d 4 [1992]).

The Supreme Court also erred in granting the plaintiff's cross motion for leave to serve an amended complaint to assert causes of action pursuant to the Labor Law directly against the third-party defendants as defendants in the main action. Since the third-party action was commenced after the statute of limitations had expired, the plaintiff bore the burden of proving that the relation-back doctrine (*see Connell v Hayden,* 83 AD2d 30 [1981]) applied by, inter alia, demonstrating that the third-party defendants and the defendants were united in interest (*see Teer v Queens-Long Is. Med. Group,* 303 AD2d 488, 489 [2003]; *Hilliard v Roc-Newark Assoc.,* 287 AD2d 691 [2001]). However, the third-party defendants were independent contractors with adverse defenses. Thus, they are not united in interest, the plaintiff's claims against the third-party defendants do not relate back to the time of commencement of the main action, and accordingly, the plaintiff's claims against the third-party defendants are time-barred (*see Hilliard v Roc-Newark Assoc., supra; Stulberger v Bellucci,* 251 AD2d 569 [1998]).

In any event, the proposed amendment is palpably insufficient as a matter of law. The plaintiff was not a person "employed" within the meaning of Labor Law §§ 200, 240 and § 241 (6), because she was not hired to perform the task that caused her injury (*see Gibson v Worthington Div. of McGraw-Edison Co.,* 78 NY2d 1108 [1991]; *Tobias v DiFazio Elec.,* 288 AD2d 209 [2001]). Moreover, the plaintiff cannot state a cause of action under Labor Law § 241 (6) because she failed to allege the viola-

tion of a specific applicable safety regulation (*see O'Hare v City of New York*, 280 AD2d 458 [2001]). Additionally, the plaintiff cannot state a cause of action under Labor Law § 240 (1) because the part of the window that fell "was not a material being hoisted or a load that required securing" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.