■ JOFFRE PESANTES, Respondent, v KOMATSU FORKLIFT USA, INC., Appellant, et al., Defendant. (And Third-Party Actions.) [872 NYS2d 504]—

In an action to recover damages for personal injuries, the defendant Komatsu Forklift USA, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated November 28, 2007, as denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged design defect and failure to warn insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and that branch of the appellant's motion which was for summary judgment dismissing so much of the complaint as alleged design defect and failure to warn insofar as asserted against it is granted.

In opposition to the prima facie showing of entitlement to judgment as a matter of law by the defendant Komatsu Forklift USA, Inc. (hereinafter the appellant), the plaintiff raised a new theory of liability. Although "[a] court may properly look beyond the allegations in the complaint and deny summary judgment where a party's papers in opposition to the motion raise triable issues of fact" (*Gold Connection Discount Jewelers v American Dist. Tel. Co.*, 212 AD2d 577, 578 [1995]; *see Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281 [1978]; *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 736 [2008]), the plaintiff failed to raise a triable issue of fact with respect to the new theory (*see Altinma v East 72nd Garage Corp.*, 54 AD3d 978, 982 [2008]; *O'Boy v Motor Coach Indus., Inc.*, 39 AD3d 512, 514 [2007]). Speculation and surmise are insufficient to defeat a motion for summary judgment (*see Jaffe v New York City Tr. Auth.*, 52 AD3d 784 [2008]; *Skouras v New York City Tr. Auth.*, 48 AD3d 547, 548 [2008]). Accordingly, that branch of the appellant's motion which was for summary judgment dismissing so much of the complaint as alleged design defect and failure to warn insofar as asserted against it should have been granted. Covello, J.P., Angiolillo, Belen and Chambers, JJ., concur. [*See* 2007 NY Slip Op 33945(U).]