SECOND DEPARTMENT, MAY, 2010

(May 4, 2010)

■ ELAINE ARSELL, Respondent, v MASS ONE LLC, Defendant/Third-Party Plaintiff. WIN-PRO ENTERPRISE, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [900 NYS2d 380]—

In an action to recover damages for personal injuries, the third-party defendant Win-Pro Enterprise, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered September 8, 2008, as granted the plaintiff's cross motion pursuant to CPLR 3025 for leave to amend the complaint to add it as a defendant in the main action, and directed it to serve an answer.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's cross motion for leave to amend the complaint to add the third-party defendant Win-Pro Enterprise, Inc., as a defendant in the main action is denied.

The plaintiff cross-moved for leave to amend her complaint to add the third-party defendant Win-Pro Enterprise, Inc. (hereinafter Win-Pro), a snow removal contractor, as a defendant in this personal injury action which she commenced against the property owner, and which arose from the plaintiff's alleged slip and fall on snow and ice. Since the motion was made several months after the statute of limitations for the personal injury action had expired, the plaintiff was required to rely upon the relation-back doctrine to demonstrate that the claim against Win-Pro should relate back to the date that the claim was timely interposed against the property owner.

"In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of [the] same conduct, transaction, or occurrence, (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he will not be prejudiced in maintaining his defense on the merits, and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well" (*Boodoo v Albee Dental Care*, 67 AD3d 717, 718 [2009]; *see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]; *Brock v Bua*, 83 AD2d 61, 69 [1981]). Contrary to the determination of the Supreme Court, the plaintiff failed to demonstrate that Win-Pro and the defendant property owner are united in interest, since they have manifestly different defenses to the plaintiff's claims and would not stand or fall together (*see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d at 226; *Xavier v RY Mgt. Co., Inc.*, 45 AD3d 677, 679 [2007]; *Sowa v S.J.N.H.*

*Realty Corp.*, 21 AD3d 893, 895 [2005]; *Stulberger v Bellucci*, 251 AD2d 569, 570 [1998]; *Connell v Hayden*, 83 AD2d 30, 41-42 [1981]; *Yansak v Blackburn Group, Inc.*, 8 Misc 3d 460, 475 [2004]). Similarly, given the plaintiff's knowledge of the existence of Win-Pro and its involvement in the case long before the applicable limitations period had expired, and her failure to join Win-Pro as a defendant during that period, she did not establish that Win-Pro knew or should have known that, but for a mistake, the direct action would have been commenced against it as well. Accordingly, the plaintiff's motion for leave to amend the complaint should have been denied.

In view of the foregoing, we do not reach Win-Pro's additional contentions. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.