■ BARBARA NELSON, Respondent, v CUNNINGHAM ASSOCIATES, L.P., Appellant. [908 NYS2d 713]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (McDonald, J.), entered October 28, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On September 3, 2006, the plaintiff, while visiting her friend's apartment, was injured when one of the kitchen cabinet doors came off its hinges as she was attempting to open it to put cups away while cleaning up after dinner. The plaintiff's friend (hereinafter the tenant) rented the apartment from the defendant, which owned and operated the building in which the apartment was located.

The plaintiff commenced this action against the defendant, alleging negligence. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the defendant's motion. We reverse.

An out-of-possession landlord that has assumed the obligation to make repairs to its property cannot be held liable for injuries caused by a defective condition at the property unless it either created the condition or had actual or constructive notice of it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]; *Hayden v Waldbaum, Inc.*, 63 AD3d 679 [2009]; *Denker v Century 21 Dept. Stores, LLC*, 55 AD3d 527 [2008]; *Patrick v Bally's Total Fitness*, 292 AD2d 433 [2002]).

In the case at bar, the plaintiff did not assert that the defendant created the allegedly defective condition. With respect to notice, the defendant established that it did not have either actual or constructive notice of the allegedly defective condition which harmed the plaintiff. To prove constructive notice of a defective condition, a plaintiff must establish that the defect existed for a sufficient amount of time to allow the defendant to discover and remedy it (*see Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837 [2005]; *Gordon v American Museum of Natural History*, 67 NY2d at 837; *Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 799 [2003]; *Patrick v Bally's Total Fitness*, 292 AD2d at 434). On its motion for summary judgment, the defendant bore the initial burden of demonstrating that it did not receive any prior complaints concerning the alleged dangerous condition (*see Sowa v S.J.N.H. Realty Corp.*, 21 AD3d 893, 895 [2005]; *Patrick v Bally's Total Fitness*, 292 AD2d at 434).

Here, the defendant's maintenance director testified at his deposition that no complaints were ever received about the subject kitchen cabinet door, which he confirmed by searching the defendant's work orders pertaining to the apartment, and finding none relating to complaints about the kitchen cabinet door. In addition, during discovery, the defendant produced an apartment inspection report, dated January 11, 2006, pertaining to a lease renewal inspection which was conducted approximately eight months before the accident. According to that report, neither the defendant's employee who performed the inspection nor the tenant indicated that there were any problems with the kitchen cabinet doors, and both signed off on the inspection report. The defendant's maintenance director testified that the lease renewal inspection would have entailed a check of the kitchen cabinets to ensure that they were in proper working order. The defendant also submitted a copy of the plaintiff's deposition testimony, in which she testified that, despite having been to the apartment on approximately 50 occasions prior to the day of the accident, she had never had any problems with the subject kitchen cabinet door, or observed

loose hinges. Similarly, she testified that the tenant never advised her that he had any such problems with the kitchen cabinet doors. Accordingly, the defendant established that it had no notice of any defective condition concerning the kitchen cabinet door (see Sowa v S.J.N.H. Realty Corp., 21 AD3d at 895; Joseph v Hemlok Realty Corp., 6 AD3d 392, 393 [2004]).

Contrary to the Supreme Court's determination, the plaintiff failed to raise a triable issue of fact as to whether the defendant had either actual or constructive notice of the allegedly defective condition (see Sowa v S.J.N.H. Realty Corp., 21 AD3d at 895; Patrick v Bally's Total Fitness, 292 AD2d at 434). The plaintiff merely speculated that the defendant's employee who performed the lease renewal inspection might not have done an adequate inspection, and failed to inspect the kitchen cabinet doors, despite the testimony of the defendant's maintenance director to the contrary. Such speculation and surmise were insufficient to defeat the defendant's motion for summary judgment (see Pesantes v Komatsu Forklift USA, Inc., 58 AD3d 823, 824 [2009]; Skouras v New York City Tr. Auth., 48 AD3d 547 [2008]). Moreover, contrary to the plaintiff's contention, the deposition testimony of the defendant's maintenance director was insufficient to raise a triable issue of fact as to whether the allegedly defective condition had existed for a sufficient period of time to impute notice to the defendant. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.