The plaintiff allegedly sustained personal injuries when he fell in the hallway of the office building where he worked, which was owned by the defendant AMB Property Corporation (here *568 inafter AMB) and managed by the defendant C.B. Richard Ellis, Inc. (hereinafter CB). After the plaintiff fell he saw, for the first time, that one carpet tile square on the floor of the hallway was “raised” or “rolled up.” CB moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it, contending that it did not create or have actual or constructive notice of the alleged hazardous condition. In an order entered July 29, 2011, the Supreme Court granted CB’s motion. AMB separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. In an order entered October 6, 2011, the Supreme Court granted AMB’s motion.
CB established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of the alleged defective condition consisting of the raised carpet tile square (see Nelson v Cunningham Assoc., L.P., 77 AD3d 638, 639-640 [2010]; Patrick v Bally’s Total Fitness, 292 AD2d 433, 434 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The plaintiff’s contention that the carpet tile square was negligently installed approximately three years prior to the accident such that the hazardous condition it presented should have been discovered with reasonable inspection is belied by the plaintiffs own deposition testimony. The plaintiff testified that, since the installation of the carpet tile square, he traversed the location where the accident occurred at least five times each day during workdays, and, prior to the accident, he never noticed any defect in the condition of the carpet tile square.
AMB also established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of the alleged defective condition consisting of the carpet tile square (see Nelson v Cunningham Assoc., L.P., 77 AD3d at 639-640; Patrick v Bally’s Total Fitness, 292 AD2d at 434). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
Accordingly, the Supreme Court properly granted those branches of the defendant’s respective motions which were for summary judgment dismissing the amended complaint insofar as asserted against each of them. Skelos, J.E, Dickerson, Eng and Austin, JJ., concur.