■ CAMILLE WILLIAMSON, Appellant, v LONG ISLAND UNIVERSITY, Respondent. [57 NYS3d 433]—In an action to recover dam-

ages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered July 19, 2016, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was a student at the defendant, Long Island University, and resided at its on-campus housing facility in Brooklyn. During the evening of November 5, 2010, a glass globe fell from a ceiling lighting fixture in the plaintiff's room onto her head. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. Following discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion, and the plaintiff appeals.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the condition that allegedly caused the plaintiff's injuries or have actual or constructive notice of it (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Patrick v Bally's Total Fitness*, 292 AD2d 433, 434 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Scola v Sun Intl. N. Am.*, 279 AD2d 466, 467 [2001]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Austin, Roman and Cohen, JJ., concur.