■ OUTDOORS CLOTHING CORP. et al., Appellants, v STEVEN SCHNEIDER et al., Respondents. [60 NYS3d 302]—

Appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated March 11, 2015. The order, insofar as appealed from, granted, in part, the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

From 1997 to 2012, the plaintiff Outdoors Clothing Corp. (hereinafter Outdoors Clothing) leased a commercial space in Amagansett (hereinafter the subject property) from the defendants Joseph LaCarrubba and Salvatore LaCarrubba (hereinafter the LaCarrubba defendants) for the purpose of operating a retail clothing store. The retail clothing store was operated by the plaintiff Handmade Imports, Inc. (hereinafter Handmade Imports), an affiliate of Outdoors Clothing. The defendant Steven Schneider was an officer and shareholder of Handmade Imports until 2011 when, as part of a settlement agreement, he resigned from his position and sold his shares in the company. As part of the settlement agreement, Handmade Imports gave Schneider a general release which released him from liability for any claims it had against him.

In April 2012, Outdoors Clothing's lease to the subject property expired, and the LaCarrubba defendants declined to extend it. However, Outdoors Clothing did not vacate the premises, and the LaCarrubba defendants commenced a summary holdover proceeding in the East Hampton Justice Court. Outdoors Clothing defaulted in appearing at the trial, the East Hampton Justice Court issued a judgment and warrant of eviction, and Outdoors Clothing vacated the subject property.

In 2013, Schneider entered into a lease for the subject property with the LaCarrubba defendants for the purpose of operating his own retail clothing store. Thereafter, the plaintiffs commenced the instant action against the defendants. The plaintiffs alleged that Schneider owed them a fiduciary duty,

which he breached by negotiating and entering into the new lease. The plaintiffs also alleged that the LaCarrubba defendants breached an oral promise to extend Outdoors Clothing's lease to the subject property, and aided and abetted Schneider's breach of fiduciary duty.

The defendants filed a pre-answer motion to dismiss the cause of action asserted against Schneider on the ground that it was barred by the terms of the general release. The Supreme Court denied the motion as premature, and the defendants interposed an answer. Thereafter, the defendants moved for summary judgment dismissing the complaint, arguing, among other things, that the cause of action asserted against Schneider was barred by the general release. The Supreme Court granted those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the LaCarrubba defendants, and for summary judgment dismissing the complaint insofar as asserted by Handmade Imports against Schneider. The plaintiffs appeal.

Initially, we reject the plaintiffs' contention that the defendants waived the affirmative defense of release. As with the other defenses and objections listed in CPLR 3211 (a) (5), the affirmative defense of release is waived unless it is raised in a pre-answer motion to dismiss or in a responsive pleading (see CPLR 3211 [e]; Mendrzycki v Cricchio, 58 AD3d 171, 174 [2008]). Here, the defendants avoided waiving the affirmative defense of release by raising it in their pre-answer motion to dismiss, and they were thereafter entitled to seek summary judgment based on that defense despite its absence from the answer (see generally Siegel, NY Prac §§ 223, 263 [5th ed, Jan. 2017 Update]; Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3018.18, 3211.25 [2d ed 2017]).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Handmade Imports against Schneider. "A release is a contract, and its construction is governed by contract law" (Kaminsky v Gamache, 298 AD2d 361, 361 [2002]). Where the language of a release is clear and unambiguous, the signing of the release is a "jural act" binding on the parties (Booth v 3669 Delaware, 92 NY2d 934, 935 [1998] [internal quotation marks omitted]). "A release will not be treated lightly, and will be set aside by a court only for duress, illegality, fraud, or mutual mistake" (Shklovskiy v Khan, 273 AD2d 371, 372 [2000]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the general

release, which, by its clear and unambiguous terms, barred the cause of action for breach of fiduciary duty asserted by Handmade Imports against Schneider. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether there was fraud, duress, or some other ground sufficient to set aside the general release (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]; *Liotti v Galasso, Langione & Botter*, 128 AD3d 912 [2015]). The plaintiffs alleged, for the first time in their opposition to the motion, that summary judgment was precluded because Schneider breached an implied covenant to refrain from soliciting former customers upon the sale of the goodwill of an established business (*see Bessemer Trust Co., N.A. v Branin*, 16 NY3d 549 [2011]). However, the plaintiffs both failed to explain their delay in presenting this new theory of liability (*see Mainline Elec. Corp. v Pav-Lak Indus., Inc.*, 40 AD3d 939 [2007]), and failed to raise a triable issue of fact with respect to it (*see Pesantes v Komatsu Forklift USA, Inc.*, 58 AD3d 823, 824 [2009]).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action against the LaCarrubba defendants for breach of an oral promise to extend a lease. Pursuant to the doctrine of res judicata, a valid final judgment bars future actions between the same parties on the same cause of action (*see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *Matter of Field Home-Holy Comforter v DeBuono*, 238 AD2d 589 [1997]). "As a general rule, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*Lazides v P & G Enters.*, 58 AD3d 607, 609 [2009]). Thus, "[t]he doctrine is applicable to an order or judgment taken by default which has not been vacated, as well as to issues which were or could have been raised in the prior proceeding" (*Matter of Eagle Ins. Co. v Facey*, 272 AD2d 399, 400 [2000]). Here, the plaintiffs' claim that the LaCarrubba defendants breached an oral promise to extend their lease to the subject property could have been raised and litigated in the summary holdover proceeding, which resulted in a default judgment. Accordingly, the plaintiffs' cause of action for breach of an oral promise to extend the lease was properly dismissed as foreclosed by the doctrine of res judicata.

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismiss-

ing the cause of action against the LaCarrubba defendants for aiding and abetting a breach of fiduciary duty. The defendants established their prima facie entitlement to judgment as a matter of law by adducing evidence demonstrating that the LaCarrubba defendants did not knowingly induce or participate in any alleged breach of fiduciary duty by Schneider (*see Parklex Assoc. v Royal Capital Mkts. Corp.*, 118 AD3d 972 [2014]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 101 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact. Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.