In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Walker, J.), dated October 21, 2016, which denied its motion for summary judgment dismissing the complaint.
 

 Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
 

 The plaintiff alleges that in June 2013, almost immediately after he opened one of the windows in the living room of his mother’s rental apartment, it slammed shut, severing the tip of his left ring finger. Thereafter, the plaintiff commenced this action against the defendant landlord alleging, inter alia, that the window was defective because it would not stay up when it was opened and the defendant was negligent in inspecting, maintaining, and repairing the window. The plaintiff also alleged that the defendant had actual or constructive notice that the window was defective. The defendant moved for summary judgment dismissing the complaint, and appeals from the order denying its motion.
 

 “An out-of-possession landlord that has assumed the obligation to make repairs to its property cannot be held liable for injuries caused by a defective condition at the property unless it either created the condition or had actual or constructive notice of it” (Nelson v Cunningham Assoc., L.P., 77 AD3d 638, 639 [2010]; see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Morrison v 107 W. 38th Realties Co., 17 AD3d 645 [2005]). Here, with respect to the negligent maintenance claim, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the alleged injury-producing condition or have actual or constructive notice of the condition (see Williamson v Long Is. Univ., 153 AD3d 652 [2017]; Morrison v 107 W. 38th Realties Co., 17 AD3d at 645). The evidence showed that, more than one year prior to the incident, a window in the living room of the subject apartment had been repaired following an inspection by the defendant, and that there had been no complaints about the windows in the apartment following the repair. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
 

 The defendant also established its prima facie entitlement to judgment as a matter of law dismissing the remaining theories of liability by demonstrating that they had not been included in the notice of claim (see generally Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 959 [2015]). The plaintiff did not oppose this branch of the motion.
 

 Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.