Amster v Kromer (2018 NY Slip Op 00538)





Amster v Kromer


2018 NY Slip Op 00538


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2016-00426
 (Index No. 14293/13)

[*1]Jeffrey Amster, respondent, 
v
Gary Kromer, et al., appellants.


Abamont & Associates (Law Office of David S. Klausner PLLC, White Plains, NY [Stephen Slater], of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (Albert R. Matuza, Jr., of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered November 20, 2015, as denied that branch of their motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when he tripped and fell off of the front stoop of a house that he was renting from the defendants, who owned the house. The plaintiff testified at a deposition that, as he exited the house, he stepped out onto the landing, and then down one stair. When he realized that he forgot to lock the interior door to the house, he stepped back onto the landing and attempted to open the outer door to the house. He alleged that the outer door extended beyond the edge of the landing, which made it difficult to stand on the landing and open the door at the same time. He further alleged that, as he tried to open the outer door, he lost his footing and began to fall. He grabbed the handrail to stop his fall, but the handrail broke.
After the accident, the plaintiff commenced this action to recover damages for personal injuries. The defendants moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.
"An out-of-possession landlord that has assumed the obligation to make repairs to its property cannot be held liable for injuries caused by a defective condition at the property unless it either created the condition or had actual or constructive notice of it" (Nelson v Cunningham Assoc., L.P., 77 AD3d 638, 639; see Gordon v American Museum of Natural History, 67 NY2d 836; Cotto v New York City Hous. Auth., 155 AD3d 937).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created the alleged hazardous conditions nor had actual or constructive notice of the conditions (see DeMilo v Weinberg Bros., LLC, 122 AD3d 895, 896; Durri [*2]v City of New York, 95 AD3d 1273). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court