Yanez v Watkins (2018 NY Slip Op 05622)





Yanez v Watkins


2018 NY Slip Op 05622


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2015-06157
2016-05257
 (Index No. 061090/13)

[*1]Nora Yanez, etc., appellant, 
v
Kevin T. Watkins, etc., et al., respondents.


Pegalis & Erickson, LLC, Lake Success, NY (Gerhardt M. Nielsen of counsel), for appellant.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from two orders of the Supreme Court, Suffolk County (James Hudson, J.), dated March 16, 2015, and April 14, 2016, respectively. The first order granted the defendants' motion for summary judgment dismissing the second, third, and fourth causes of action. The second order denied the plaintiff's motion for leave to reargue and renew her opposition to the defendants' motion.
ORDERED that the appeal from so much of the order dated April 14, 2016, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated March 16, 2015, is affirmed; and it is further,
ORDERED that the order dated April 14, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In 2009, the plaintiff's decedent came under the care of the defendant Kevin T. Watkins for stomach cancer. Watkins referred the decedent to the defendant Jonathan Buscaglia for diagnostic testing, and thereafter, Watkins performed a robotic total gastrectomy at Stony Brook University Medical Center (hereinafter Stony Brook). The decedent remained at Stony Brook until September 2010, where he had multiple subsequent surgeries and procedures, including two colonoscopies performed by Buscaglia on April 30, 2010, and May 19, 2010. On September 8, 2010, the decedent was discharged from Stony Brook by Watkins, and transferred to a subacute rehabilitation facility. The decedent was later transferred from that facility to a series of different hospitals. He died on June 9, 2011.
In February 2012, the plaintiff, Nora Yanez, as administrator of the estate of the [*2]decedent, and individually, filed a claim in the Court of Claims against the State of New York, inter alia, to recover damages for wrongful death and malpractice allegedly committed by its employees at Stony Brook. Upon being advised that the State might challenge the allegation that it was vicariously liable for the conduct of Watkins and Buscaglia, among others, the plaintiff commenced the instant action on May 24, 2013, against those defendants and certain medical practices with which they allegedly were affiliated.
The defendants moved for summary judgment dismissing, as time-barred, the second, third, and fourth causes of action, alleging medical malpractice, lack of informed consent, and a derivative claim for loss of services, respectively. In an order dated March 16, 2015, the Supreme Court granted the motion. The plaintiff thereafter moved, inter alia, for leave to renew her opposition to the motion, which was denied by order dated April 14, 2016. The plaintiff appeals from both orders.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the action was commenced more than two years and six months after the alleged acts of malpractice occurred (see CPLR 214-a; Massie v Crawford, 78 NY2d 516, 519; Nisanov v Khulpateea, 137 AD3d 1091). Thus, the burden shifted to the plaintiff to raise a triable issue of fact as to the applicability of an exception to, or toll of, the statute of limitations (see Massie v Crawford, 78 NY2d at 519; Vissichelli v Glen-Haven Residential Health Care Facility, Inc., 136 AD3d 1021; Lopez v Wyckoff Hgts. Med. Ctr., 78 AD3d 664, 665).
"Under the continuous treatment doctrine, the 2½ year [limitations] period does not begin to run until the end of the course of treatment, when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint'" (Gomez v Katz, 61 AD3d 108, 111, quoting Nykorchuck v Henriques, 78 NY2d 255, 258). Here, the plaintiff has not raised a triable issue of fact as to whether this toll applies. The diagnostic services performed by Buscaglia were discrete and complete, and not part of a course of treatment (see Nisanov v Khulpateea, 137 AD3d at 1093). As to Watkins, the mere statement on the decedent's transfer summary that the decedent should "follow-up" with "Dr. Watkins' clinic" as an outpatient in two or three months did not evince a continued course of treatment where no follow-up appointment was actually scheduled, and the decedent thereafter received treatment at other hospitals (see Massie v Crawford, 78 NY2d at 520; Cole v Richard G. Karanfilian, M.D., P.C., 117 AD3d 670; Wei Wei v Westside Women's Med. Pavilion, P.C., 115 AD3d 662, 663-664; Capece v Nash, 70 AD3d 743, 745; Elrington v Staub, 29 AD3d 939).
The plaintiff also failed to raise a triable issue of fact as to the applicability of the relation back doctrine (see Buran v Coupal, 87 NY2d 173, 177). That doctrine requires the plaintiff to demonstrate, among other things, that the new defendants knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against them as well (see id. at 178; Arsell v Mass One LLC, 73 AD3d 668, 669). "When a plaintiff intentionally decides not to assert a claim against a party known to be potentially liable, there has been no mistake and the plaintiff should not be given a second opportunity to assert that claim after the limitations period has expired" (Buran v Coupal, 87 NY2d at 181). Here, there was no showing of a mistake concerning the defendants' identities, which would have prevented the plaintiff from commencing an action against them before the statute of limitations expired (see Arsell v Mass One LLC, 73 AD3d at 670; Stamatopoulos v Salzillo, 50 AD3d 885).
The new evidence submitted by the plaintiff in support of her motion to renew would not have changed the prior determination that neither the continuous treatment nor relation-back doctrines applied in this matter (see CPLR 2221[e][2]).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the second, third, and fourth causes of action, and denying that branch of the plaintiff's motion which was for leave to renew her opposition to that motion.
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court