| **Spates v City of New York** |
|---|
| 2024 NY Slip Op 33667(U) |
| October 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161191/2020 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   <u>**HON. RICHARD TSAI**</u>   **PART**   **21**

*Justice*

-----------------------------------------------------------------------------X

CARMEN SPATES,

                                    Plaintiff,

                    - v -

THE CITY OF NEW YORK, NEW YORK CITY TRANSIT
AUTHORITY, METROPOLITAN TRANSPORTATION
AUTHORITY and SCHINDLER ELEVATOR
CORPORATION,

                                    Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161191/2020 |
| **MOTION DATE** | 10/05/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 15, 20-39

were read on this motion to/for _____DISMISS_____.

In this action, plaintiff alleges that, on November 1, 2019 at approximately 8:00 PM, she was a passenger on an escalator at the 72nd Street and 2nd Avenue Subway Station in Manhattan, when she "stepped off the last step and the metal plate on floor popped up under her feet due to a defect on the escalator consisting of uneven, defective, dangerous, hazardous and trap like conditions existing thereat" causing her to sustain injuries (exhibit E in support of motion [NYSCEF Doc. No. 26], supplemental summons and amended complaint ¶¶ 63-70).

On this motion, Schindler Elevator Corporation (Schindler) now moves to dismiss the complaint as against it on the grounds that the action against it is barred by the statute of limitations, pursuant to CPLR 3211 (a) (5). Plaintiff opposes the motion.

## DISCUSSION

"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff" (*Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2d Dept 2008] [citations omitted]; *Matter of Estate of Baird*, 58 AD3d 958, 959 [3d Dept 2009]; *see Brignoli v Balch, Hardy & Scheinman*, 178 AD2d 290, 290 [1st Dept 1991] ["The defendant bears the burden of proof on an affirmative defense"].)

**161191/2020  SPATES, CARMEN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 1 of 4**

1 of 4

Here, there is no dispute that supplemental summons and amended complaint, alleging causes of action against Schindler, was not filed until September 12, 2023 (*see* NYSCEF Doc. No. 15), after the expiration of the three-year statute of limitations on June 17, 2023.[1]

However, plaintiff argues that her claims against Schindler are timely, under the relation back doctrine, because she timely commenced this action against defendant New York City Transit Authority (NYCTA), and plaintiff contends that Schindler was "united in interest" with NYCTA under CPLR 203 (c) (affirmation of plaintiff's counsel in opposition [NYSCEF Doc. No. 34] ¶¶ 8-15).

CPLR 203 (c) states, "In an action which is commenced by filing, a claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with such defendant when the action is commenced."

CPLR 203 provides the statutory basis for what is commonly referred to as "the relation back doctrine." Under the relation back doctrine, a plaintiff may be allowed to bring a suit against a new defendant after the statute of limitations has expired against the new defendant in an amended complaint, if the claims in the amended pleading are deemed to relate back to a timely complaint against a co-defendant that is "united in interest" with the new defendant (*Buran v Coupal*, 87 NY2d 173, 177 [1995]). The relation back doctrine "gives courts the sound judicial discretion to identify cases that justify relaxation of limitations strictures to facilitate decisions on the merits if the correction will not cause undue prejudice to the plaintiff's adversary" (*Buran*, 87 NY2d at 177-78 [1995] [internal quotation marks, emendation and citations omitted]).

In order for an otherwise untimely complaint to survive dismissal pursuant to the relation back doctrine, a plaintiff must show:

"(1) both claims arose out of the same conduct, transaction or occurrence; (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that they will not be prejudiced in maintaining their defense on the merits; and (3) the new party knew or should have known that, but for an excusable mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against them as well" (*Nemeth v K-Tooling*, 40 NY3d 405, 411 [2023] [internal quotation marks and emendation omitted], quoting *Buran v Coupal*, 87 NY2d 173, 178 [1995]; *see also Cintron v Lynn*, 306 AD2d 118, 119 [1st Dept 2003] ["Once a defendant has shown that the statute of limitations has run, the

---

[1] The three-year statute of limitations, which would have fallen on November 1, 2022, was tolled pursuant to pandemic-related executive orders for 228 days, from March 20, 2020 to November 3, 2020 (*Murphy v Harris,* 210 A.D.3d 410, 411 [1st Dept. 2022]; *Fuhrmann v Town of Riverhead*, 230 AD3d 652, 653 [2d Dept 2024]). Thus, the statute of limitations ran on June 17, 2023.

**161191/2020   SPATES, CARMEN vs. THE CITY OF NEW YORK ET AL**                    **Page 2 of 4**
  **Motion No.  001**

[* 2]

plaintiff bears the burden of demonstrating the applicability of the relation-back doctrine"]).

Here, there is no dispute that plaintiff's claims against Schindler arose out of plaintiff's escalator accident on November 1, 2019, so the first prong is clearly met. However, the parties disagree as to whether the second and third prongs are met.

Regarding the second prong, courts are to "look to whether the parties' interest in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (*Nemeth*, 40 NY3d at 415). On this point, plaintiff argues that Schindler is united in interest with NYCTA because the third-party complaint alleges that Schindler was "was responsible for the maintenance of said escalator", and if Schindler is found to be negligent, NYCTA consequently "would similarly be found negligent for failing to keep their premises in a reasonably safe condition" (affirmation of plaintiff's counsel in opposition ¶¶ 13-14).

> "For purposes of relation back under CPLR 203(b) and (c), more is required than mere non-hostility between the defendants. Their interests must be such that they stand or fall together and that judgment against one will similarly affect the other, i.e., [defendant] and the corporation must necessarily have the same defenses to the plaintiff's claim" (*Lord Day & Lord, Barrett, Smith v Broadwall Mgt. Corp.*, 301 AD2d 362, 363 [1st Dept 2003] [internal citations and quotations marks omitted]).

Based on the allegations in the third-party complaint and the amended complaint, Schindler is considered an "independent contractor[] with adverse defenses" to NYCTA, and thus not united in interest with NYCTA (*Sowa v S.J.N.H. Realty Corp.*, 21 AD3d 893, 895 [2d Dept 2005]; *see also Arsell v Mass One LLC*, 73 AD3d 668, 669 [2d Dept 2010] [reversing Supreme Court determination allowing relation back of personal injury claim against snow removal contractor because contractor was not united in interest with 'the defendant property owner . . . since they have manifestly different defenses to the plaintiff's claims and would not stand or fall together"]; *Higgins v City of New York*, 144 AD3d 511, 513 [1st Dept 2016] ["Unity of interest fails if there is a possibility that the new defendants may have a defense unavailable to the original defendants"]). As Schindler points out, "Schindler would attempt to prove it properly and adequately carried out the duties of said contract while all other Defendants would attempt to prove they took all reasonable steps to ensure a safe premise[s]" (affirmation of Schindler's counsel in reply [NYSCEF Doc. No. 36] ¶ 8).

Regarding the third prong, "[t]he 'linchpin' of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (*Sarceno v Manhattan View, LLC*, —AD3d—2024 NY Slip Op 04409, *2 [2d Dept 2024]). Here, plaintiff offers no argument at all as to how Schindler would have received notice any earlier than when it was served with the third-party summons and complaint on August 28, 2023, more than 2 months after the limitations period had run on June 17, 2023. Therefore, plaintiff has also failed to meet the third prong (*Alvarado v Beth Israel Med.*

**161191/2020   SPATES, CARMEN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

[* 3]

*Ctr.*, 60 AD3d 981, 983 [2d Dept 2009] ["plaintiffs failed to present evidence sufficient to satisfy the third prong of the relation-back doctrine test"]).

## CONCLUSION

Accordingly, upon the foregoing documents, it is hereby **ORDERED** that the motion by defendant Schindler Elevator Corporation to dismiss the supplemental summons and amended complaint as against it, pursuant to CPLR 3211 (a) (5) is **GRANTED**, and the amended complaint is dismissed as against defendant Schindler Elevator Corporation; and it is further

**ORDERED** that the action is severed and continued against the remaining defendants; and it is further

**ORDERED** that the Clerk is directed to enter judgment in favor of defendant Schindler Elevator Corporation accordingly, with costs and disbursements to this defendant as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that plaintiff and the remaining defendants are directed to appear for a preliminary conference in IAS Part 21, 80 Centre Street Room 280, New York, New York on **January 23, 2025 at 11:30 a.m.**

This constitutes the decision and order of the court.

20241016182729RTSAI0CB7ECE0643D4A259F5E5E598632DE90

**10/16/2024**
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161191/2020   SPATES, CARMEN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 4**