■ SILVIA DURRI, Appellant, v CITY OF NEW YORK et al., Respondents. [944 NYS2d 755]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated June 3, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

As the plaintiff was attempting to open a metal gate at the defendants' parking lot, the hinges of the gate came apart. Al-

though the plaintiff tried to hold up the gate with her hands, she was unable to do so, and the gate ultimately fell on top of her, causing her to fall and allegedly sustain injuries.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create or have actual or constructive notice of any hazardous condition (*see Nelson v Cunningham Assoc., L.P.*, 77 AD3d 638 [2010]; *Dulgov v City of New York*, 33 AD3d 584 [2006]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473 [2004]). The defendants' custodian testified at a deposition that he inspected the gate twice a week, never observed any defects in the gate, and never received any complaints about the gate prior to the accident. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants had actual or constructive notice of the alleged hazardous condition (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is not applicable here. The evidence did not show that the defendants were in exclusive control of the gate (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Lott and Sgroi, JJ., concur.