■ HUMPHREY CORRELL, Respondent, v U.S. BANK NATIONAL ASSOCIATION, as Trustee for CREDIT SUISSE FIRST BOSTON HEAT 20005-4, Appellant, et al., Defendants. [996 NYS2d 694]—

In an action to recover damages for personal injuries, the defendant U.S. Bank National Association appeals from an order

of the Supreme Court, Queens County (Dufficy, J.), dated February 4, 2014, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant U.S. Bank National Association for summary judgment dismissing the complaint insofar as asserted against it is granted.

On December 24, 2008, the plaintiff allegedly was injured when he fell while descending a staircase at the apartment building where he resided in Far Rockaway. According to the plaintiff, he fell down some steps when a portion of the handrail he was holding became detached from the wall. The plaintiff commenced this action against, among others, the defendant U.S. Bank National Association (hereinafter U.S. Bank), the owner of the building. After discovery, U.S. Bank moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not create the alleged hazardous condition or have actual or constructive notice of it. The Supreme Court denied the motion. U.S. Bank appeals.

U.S. Bank established, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of it (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Durri v City of New York, 95 AD3d 1273 [2012]; Serrano v Prestige Realty Assoc., L.P., 74 AD3d 619 [2010]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Although the plaintiff testified at his deposition that he had previously complained about the handrail being loose, he admitted that it had been repaired prior to the accident, that it was sturdy, and that he had no problem using it until the accident occurred. Accordingly, the Supreme Court should have granted U.S. Bank's motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.