■ DOLORES PARIETTI et al., Respondents, v WAL-MART STORES, INC., et al., Appellants, et al., Defendant. [34 NYS3d 474]—

In an action to recover damages for personal injuries, etc., the defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P., appeal from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 23, 2014, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff Dolores Parietti (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell on a wet spot on the floor near an ice machine inside the front of a store owned and operated by the defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (hereinafter together Wal-Mart). The injured plaintiff, and her husband suing derivatively, commenced this action against, among others, Wal-Mart. Wal-Mart moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing, among other things, that it did not have actual or constructive notice of the wet condition on the floor. The Supreme Court denied that branch of Wal-Mart's motion, and Wal-Mart appeals.

"In a slip-and-fall case, the defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681, 681 [2010]).

Here, Wal-Mart established, prima facie, that it did not have actual notice of the wet condition of the floor. Wal-Mart submitted evidence in support of its motion which demonstrated that it was not advised of the wet condition on the floor and it did not receive any written or oral complaints by customers or employees concerning water on the floor or a leak in the ice machine prior to the accident (*see Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038-1039 [2015]; *cf. McPhaul v Mutual of Am. Life Ins. Co.*, 81 AD3d 609, 610 [2011]). Wal-Mart also established, prima facie, that it did not have constructive notice of the wet condition of the floor. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and

remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). To establish, prima facie, a lack of constructive notice, "the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Sesina v Joy Lea Realty, LLC*, 123 AD3d 1000, 1001 [2014] [internal quotation marks omitted]). "Mere reference to general cleaning practices . . . is insufficient to establish a lack of constructive notice" in the absence of evidence regarding specific cleaning or inspection of the area in question (*Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d at 1038 [internal quotation marks omitted]).

While the evidence submitted in support of the motion demonstrated that water may have been present on the floor where the injured plaintiff fell, Wal-Mart established that the alleged wet condition did not exist for a sufficient length of time prior to the accident such that its employees were able to discover and remedy it. Employee affidavits and video surveillance recordings submitted by Wal-Mart demonstrated that its employees, as per protocol, monitored the conditions at the front entrance of the store on the date of the accident and walked back and forth in the area where the injured plaintiff fell only minutes before her accident. None of the employees at the front of the store saw any water on the floor prior to the injured plaintiff's accident. Even the injured plaintiff testified at her deposition that she did not see the alleged wet condition a few minutes prior to her accident. Moreover, the evidence does not otherwise indicate that the alleged wet condition was visible and apparent for a sufficient length of time that Wal-Mart had constructive notice of its existence prior to the accident (*see Gordon v American Museum of Natural History*, 67 NY2d at 837; *cf. Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923, 923 [2014]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Wal-Mart had actual or constructive notice of the wet condition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

To the extent that the plaintiffs argue that there is a triable issue as to whether Wal-Mart created the hazard, the argument is without merit.

The plaintiffs' remaining contention, that Wal-Mart's appeal is frivolous, is without merit.

Accordingly, the Supreme Court should have granted Wal-Mart's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.