Steven Kane et al., Respondents, v Peter M. Moore Construction Co., Inc., Respondent-Appellant, and Nicholas Scaglione, Individually and as Executor of Leslie Wanek Scaglione, Deceased, Appellant-Respondent. [44 NYS3d 141]—

In an action, inter alia, to recover damages for personal injuries, (1) (a) the defendant Nicholas Scaglione, as the executor of the estate of Leslie Scaglione, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), entered February 27, 2014, as, upon reargument, vacated so much of the determination in an order of the same court dated July 10, 2013, as, in effect, granted those branches of his motion which were for summary judgment dismissing the cause of action alleging common-law negligence and all cross claims insofar as asserted against him in his capacity as the executor of the estate of Leslie Scaglione, and thereupon denied those branches of his motion, and (b) the defendant Peter M. Moore Construction Co., Inc., separately appeals, as limited by its brief, from so much of the same order as, upon reargument, vacated so much of the determination in the order dated July 10, 2013, as granted those branches of its motion which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7 (d), the cause of action alleging common-law negligence, and all cross claims insofar as asserted against it,

and thereupon denied those branches of its motion, and (2) (a) the defendant Nicholas Scaglione, as the executor of the estate of Leslie Scaglione, appeals, as limited by his brief, from so much of an order of the same court entered October 15, 2014, as, upon reargument, adhered to so much of its determination in the order entered February 27, 2014, as, upon reargument, vacated so much of the determination in the order dated July 10, 2013, as, in effect, granted those branches of his motion which were for summary judgment dismissing the cause of action alleging common-law negligence and all cross claims insofar as asserted against him in his capacity as the executor of the estate of Leslie Scaglione, and thereupon denied those branches of his motion, and (b) the defendant Peter M. Moore Construction Co., Inc., cross-appeals, as limited by its brief, from so much of the same order as (i) denied its motion for leave to reargue its opposition to the plaintiff's prior motion for leave to reargue, and (ii), upon reargument, vacated so much of the determination in the order entered February 27, 2014, as, upon reargument, vacated the determination in the order dated July 10, 2013, granting those branches of the motion of the defendant Nicholas Scaglione which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against him in his individual capacity, and thereupon denying those branches of the motion, and thereupon adhered to the determination in the order dated July 10, 2013.

Ordered that the appeal by the defendant Nicholas Scaglione from the order entered February 27, 2014, is dismissed, as the portion of the order appealed from by that defendant was superseded by the order entered October 15, 2014, made upon reargument; and it is further,

Ordered that the cross appeal by the defendant Peter M. Moore Construction Co., Inc., from so much of the order entered October 15, 2014, as denied its motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the cross appeal by the defendant Peter M. Moore Construction Co., Inc., from so much of the order entered October 15, 2014, as, upon reargument, vacated so much of the determination in the order entered February 27, 2014, as, upon reargument, vacated the determination in the order dated July 10, 2013, granting that branch of the motion of the defendant Nicholas Scaglione which was for summary judgment dismissing the complaint insofar as asserted against him in his individual capacity, and thereupon denying that branch of the motion, and thereupon adhered to the determination in the

order dated July 10, 2013, is dismissed, as Peter M. Moore Construction Co., Inc., is not aggrieved by that portion of the order (see CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order entered February 27, 2014, is modified, on the law, by deleting the provision thereof, upon reargument, vacating so much of the determination in the order dated July 10, 2013, as granted that branch of the motion of the defendant Peter M. Moore Construction Co., Inc., which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7 (d), and thereupon denying that branch of the motion, and substituting therefor a provision, upon reargument, adhering to that determination in the order dated July 10, 2013; as so modified, the order entered February 27, 2014, is affirmed insofar as appealed from by the defendant Peter M. Moore Construction Co., Inc.; and it is further,

Ordered that the order entered October 15, 2014, is reversed insofar appealed from by the defendant Nicholas Scaglione, on the law, and, upon reargument, so much of the determination in the order dated February 27, 2014, as, upon reargument, vacated so much of the determination in the order dated July 10, 2013, as granted that branch of his motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against him in his capacity as the executor of the estate of Leslie Scaglione, and thereupon denied that branch of his motion, is vacated, and the determination in the order dated July 10, 2013, is adhered to; and it is further,

Ordered that the order entered October 15, 2014, is affirmed insofar as reviewed on the cross appeal by the defendant Peter M. Moore Construction Co., Inc.; and it is further,

Ordered that one bill of costs is awarded to the defendant Nicholas Scaglione payable by the plaintiff.

In February 2008, the defendant Nicholas Scaglione (hereinafter Nicholas) and his now-deceased wife, Leslie Scaglione (hereinafter Leslie; hereinafter together the Scagliones), retained the defendant Peter M. Moore Construction Co., Inc. (hereinafter Moore Construction), to perform renovations to several bathrooms and bedrooms in their home. The Scagliones also retained nonparty Alternative Closets to install a custom closet system for their master bedroom. The plaintiff Steven Kane (hereinafter the injured plaintiff), an employee of Alternative Closets, was injured when he allegedly slipped and fell on

a dropcloth that had been placed on a staircase by Moore Construction's employees. The injured plaintiff, and his wife suing derivatively, commenced this action against the Scagliones and Moore Construction to, inter alia, recover damages for personal injuries allegedly sustained as a result of the accident, asserting causes of action pursuant to Labor Law §§ 200 and 241 (6), and alleging common-law negligence. The Scagliones and Moore Construction answered and asserted, inter alia, cross claims against each other for contribution and common-law indemnification. Thereafter, the plaintiffs voluntarily withdrew their causes of action pursuant to Labor Law §§ 200 and 241 (6) insofar as asserted against the Scagliones, and their cause of action pursuant to Labor Law § 200 insofar as asserted against Moore Construction.

During the pendency of the action, Leslie died and Nicholas, as the executor of her estate, was substituted in her place.

In an order dated July 10, 2013, the Supreme Court, in effect, granted Nicholas's motion for summary judgment dismissing the complaint insofar as asserted against him, in both his individual capacity and in his capacity as the executor of Leslie's estate, and granted Moore Construction's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs moved for leave to reargue. In an order entered February 27, 2014, the Supreme Court, upon reargument, vacated the determination in the order dated July 10, 2013, granting that branch of Nicholas' prior motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against him in his individual capacity and as executor of Leslie's estate, and thereupon denied that branch of the motion, and vacated the determination in the order dated July 10, 2013, granting those branches of Moore Construction's prior cross motion which were for summary judgment dismissing the plaintiffs' common-law negligence and Labor Law § 241 (6) causes of action insofar as asserted against it, and thereupon denied those branches of the motion. Nicholas moved for leave to reargue. In an order entered October 15, 2014, the Supreme Court, upon reargument, inter alia, adhered to its determination in the order entered February 27, 2014, vacating the determination in the order dated July 10, 2013, awarding Nicholas, in his capacity as the executor of Leslie's estate, summary judgment dismissing the plaintiffs' common-law negligence cause of action insofar as asserted against him, and thereupon denying that branch of the motion.

Nicholas, in his capacity as the executor of Leslie's estate, and Moore Construction appeal.

"In a slip-and-fall case, the defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681, 681 [2010]; *see Parietti v Wal-Mart Stores, Inc.*, 140 AD3d 1039, 1040-1041 [2016]).

Contrary to the Supreme Court's determination, Nicholas established his prima facie entitlement to judgment as a matter of law dismissing the common-law negligence cause of action insofar as asserted against him in his capacity as the executor of Leslie's estate, by establishing that Leslie neither created nor had actual or constructive notice of the alleged dangerous condition (*see Correll v U.S. Bank N.A.*, 122 AD3d 791, 792 [2014]; *Luzinski v Kenvic Assoc.*, 242 AD2d 246, 247 [1997]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Parietti v Wal-Mart Stores, Inc.*, 140 AD3d at 1040-1041). However, "constructive notice will not be imputed where," as here, "a defect is latent and would not be discoverable upon reasonable inspection" (*Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]; *see Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 800 [2003]). "If a defect could not have been discovered by a layman, even by inspection, it is considered a latent defect" (*Rapino v City of New York*, 299 AD2d 470, 471 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Supreme Court properly denied that branch of Moore Construction's motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it, as Moore Construction failed to establish, prima facie, that one of its employees did not create the alleged dangerous condition (*see Amendola v City of New York*, 89 AD3d 775, 776 [2011]; *cf. Nealy v Pavarini-McGovern, LLC*, 135 AD3d 917, 919 [2016]), that the injured plaintiff could not identify the cause of his fall (*see Davis v Sutton*, 136 AD3d 731, 732 [2016]; *Gotay v New York City Hous. Auth.*, 127 AD3d 693, 694-695 [2015]), or that the alleged dangerous condition was open and obvious and, as a matter of law, not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]; *see also Miller v Costco Wholesale Corp.*, 125 AD3d 828 [2015]; *cf. Gagliardi v Walmart Stores, Inc.*, 52 AD3d 777 [2008]). Since

Moore Construction failed to meet its prima facie burden, that branch of its motion was properly denied without regard to the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

However, Moore Construction established its prima facie entitlement to judgment as a matter of law dismissing so much of the Labor Law § 241 (6) cause of action as was predicated upon a violation of Industrial Code (12 NYCRR) § 23-1.7 (d), by submitting evidence demonstrating that the injured plaintiff's accident was not caused by a failure to remove or cover a foreign substance (*see Stier v One Bryant Park LLC,* 113 AD3d 551, 552 [2014]; *Croussett v Chen,* 102 AD3d 448 [2013]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d at 562). Accordingly, the Supreme Court should have directed the dismissal of the plaintiffs' cause of action pursuant to Labor Law § 241 (6) insofar as asserted against Moore Construction.

Finally, Nicholas established his prima facie entitlement to judgment as a matter of law dismissing Moore Construction's cross claims for contribution and common-law indemnification insofar as asserted against him, in his both his individual capacity and as the executor of Leslie's estate, as he established that neither he nor Leslie breached a duty owed to the injured plaintiff (*see Guerra v St. Catherine of Sienna,* 79 AD3d 808, 809 [2010]; *see also 492 Kings Realty, LLC v 506 Kings, LLC,* 105 AD3d 991, 995 [2013]; *Proulx v Entergy Nuclear Indian Point 2, LLC,* 98 AD3d 492, 493 [2012]). In opposition, Moore Construction failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d at 562). Rivera, J.P., Austin, Roman and Connolly, JJ., concur.