In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, West-chester County (Jamieson, J.), dated March 31, 2016, which, upon an order of the same court dated February 29, 2016, granting the defendants’ motion for summary judgment dismissing the complaint, is in favor of the defendants and against her dismissing the complaint.
 

 Ordered that the judgment is affirmed, with costs.
 

 The plaintiff allegedly sustained injuries at the defendants’ premises when a pane of glass in a cellar door shattered, causing glass to fall on her hand and arm, as she attempted to close that door. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The Supreme Court granted the defendants’ motion for summary judgment dismissing the complaint, and a judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
 

 The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create a hazardous condition or have actual or constructive notice of it (see Correll v U.S. Bank N.A., 122 AD3d 791, 792 [2014]; Durri v City of New York, 95 AD3d 1273, 1274 [2012]; Nelson v Cunningham Assoc., L.P., 77 AD3d 638, 639-640 [2010]; Powell v Pasqualino, 40 AD3d 725 [2007]; Dulgov v City of New York, 33 AD3d 584, 585 [2006]; Patrick v Bally’s Total Fitness, 292 AD2d 433, 434 [2002]). The evidence submitted by the defendants in support of the motion, including the parties’ deposition testimony, showed that prior to the incident, neither the defendants nor the plaintiff experienced any problems using the subject door, and that they never noticed a problem with the subject pane of glass. Prior to the incident, no one had ever complained to the defendants about the subject door.
 

 In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff’s expert, who inspected the subject door more than two years after the date of the incident, was insufficient to raise a triable issue of fact (see Lal v Ching Po Ng, 33 AD3d 668 [2006]). Additionally, the plaintiff failed to raise a triable issue of fact as to whether the doctrine of res ipsa loquitur applied to this case since evidence showed that the defendants were not in exclusive control of the subject door, including the subject pane of glass (see Dermatossian v New York City Tr. Auth., 67 NY2d 219 [1986]).
 

 Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.