Matson v Dermer Mgt., Inc. (2021 NY Slip Op 06842)





Matson v Dermer Mgt., Inc.


2021 NY Slip Op 06842


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-10714
 (Index No. 506602/16)

[*1]Christopher Matson, et al., respondents,
v
Dermer Management, Inc., et al., appellants, et al., defendant.


Ondrovic, Hurley & Platek, PLLC, White Plains, NY (Jeremy D. Platek of counsel), for appellants.
Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwarz and Noah Katz of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Dermer Management, Inc., and 336 Lex, Inc., appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated August 10, 2018. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Dermer Management, Inc., and 366 Lex, Inc., for summary judgment dismissing the complaint insofar as asserted against them is granted.
The plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained on September 30, 2015, at about 4:00 a.m., when a portion of their bedroom ceiling collapsed on top of them. The defendant Dermer Management, Inc., which managed the mixed-use rental building where the accident occurred, and the defendant 336 Lex, Inc. (hereinafter together the defendants), which owned the building, moved for summary judgment dismissing the complaint insofar as asserted against them, contending that they had no notice that the bedroom ceiling was in a hazardous condition. The plaintiffs opposed the motion, contending, inter alia, that the doctrine of res ipsa loquitur applied. The Supreme Court denied the motion. The defendants appeal.
The owner of property has a duty to maintain its property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d 233, 241 [internal quotation marks omitted]). Here, the defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that they did not have actual or constructive notice that the bedroom ceiling was in a defective condition (see Jappa v Starrett City, Inc., 67 AD3d 968, 969). The evidence submitted by the defendants established that at least one of the plaintiffs had been residing in the third-floor apartment for more than four years, and that prior to the accident, the plaintiffs did not notice any defects in the bedroom ceiling, and had never complained to the defendants about the bedroom ceiling. Moreover, the debris and the ceiling from which it had fallen [*2]were dry, and there was no evidence of a leak in the building at or about the time of the accident.
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the contention of the plaintiffs' expert, in the absence of a warning about the existence of a latent defect, there was no duty to remove portions of the ceiling plaster to discover what lay behind it (see Lee v Bethel First Pentecostal Church of Am., 304 AD2d 798, 800; see also McMahon v Gold, 78 AD3d 908, 909; Curiale v Sharrotts Woods, Inc., 9 AD3d 473, 475). Additionally, the plaintiffs failed to raise a triable issue of fact as to whether the doctrine of res ipsa loquitur applied to this case since the defendants did not have the requisite exclusive control over the allegedly defective condition (see Correa v Matsias, 153 AD3d 1312, 1313).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court