Santiago v Post Rd. Assoc., LLC (2022 NY Slip Op 00450)





Santiago v Post Rd. Assoc., LLC


2022 NY Slip Op 00450


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-09045
2019-09046
2019-09048
 (Index No. 50864/17)

[*1]Kimberly Santiago, appellant, 
v
Post Road Associates, LLC, respondent, et al., defendants (and a third-party action). (Appeal No. 1.)
Kimberly Santiago, appellant,
v
Post Road Associates, LLC, et al., defendants; White Plains Hospital, third-party defendant-respondent. (Appeal No. 2.)
Kimberly Santiago, appellant,Post Road Associates, LLC, defendant, Unicorn Contracting Corp., respondent (and a third-party action). (Appeal No. 3.)


Decolator Cohen & DiPrisco, LLP, Garden City, NY (Jennifer B. Ettenger and Joseph L. Decolator of counsel), for appellant.
Chartwell Law, White Plains, NY (Carmen A. Nicolau of counsel), for respondent in Appeal No. 3.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from three orders of the Supreme Court, Westchester County (Sam D. Walker, J.), all dated June 28, 2019. The first order, insofar as appealed from, granted that branch of the motion of the defendant Post Road Associates, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it. The second order, insofar as appealed from, granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the complaint. The third order, insofar as appealed from, granted that branch of the motion of the defendant Unicorn Contracting Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendant Unicorn Contracting Corp.
The plaintiff allegedly tripped and fell on a metal bracket which was lying on an interior staircase at her place of employment. The plaintiff's employer, White Plains Hospital (hereinafter the hospital), leased the premises from the owner of the building, the defendant Post Road Associates, LLC (hereinafter the landlord). The landlord retained the defendant Unicorn [*2]Contracting Corp. (hereinafter Unicorn), a general contractor or construction manager, to renovate the premises to prepare it for use by the hospital. The hospital fully occupied the premises at least one month prior to the date of the accident. The plaintiff commenced this action against the landlord and Unicorn. Unicorn commenced a third-party action against the hospital.
The landlord moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it was an out-of-possession landlord which had no duty to clean the subject staircase. The hospital separately moved, inter alia, for summary judgment dismissing the complaint. Unicorn separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it did not owe the plaintiff a duty of care. The Supreme Court, inter alia, granted that branch of the landlord's motion which was for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the hospital's motion which was for summary judgment dismissing the complaint, and granted that branch of Unicorn's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals. We affirm.
The landlord established, prima facie, that it did not owe the plaintiff a duty of care because it was an out-of-possession landlord with no duty to keep the staircase free from transitory conditions (see Crosby v Southport, LLC, 169 AD3d 637, 639; Santos v 786 Flatbush Food Corp., 89 AD3d 828, 829; Angwin v SRF Partnership, 285 AD2d 568, 570). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the landlord's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Unicorn also established, prima facie, that it did not owe the plaintiff a duty of care. Unicorn demonstrated, prima facie, that at the time of the accident, the renovation work at the premises had been completed and that it had no connection to the property. A contractor may be liable in tort where it fails to exercise reasonable care in the performance of its duties, and thereby launches a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Santos v Deanco Servs., Inc., 142 AD3d 137, 141). Unicorn established, prima facie, that it did not cause the metal bracket to be on the floor and that it did not launch an instrument of harm. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320). Accordingly, the Supreme Court properly granted that branch of Unicorn's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, the Supreme Court properly granted that branch of the hospital's motion which was for summary judgment dismissing the complaint.
The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court