Lloyd v 797 Broadway Group, LLC (2023 NY Slip Op 02573)

Lloyd v 797 Broadway Group, LLC

2023 NY Slip Op 02573

Decided on May 11, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 11, 2023

535777
[*1]Christina Lloyd, Respondent-Appellant,
v
797 Broadway Group, LLC, et al., Appellants-Respondents.

Calendar Date:March 31, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

O'Connor, O'Connor, Bresee & First, PC, Albany (Emily A. Phillips of counsel), for 797 Broadway Group, LLC, appellant-respondent.
Kaufman Dolowich Voluck, LLP, White Plains (Matthew C. Mann of counsel), for Bay State Elevator Company, appellant-respondent.
Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany (Brian P. Henchy of counsel), for Flooring Environment, Inc., appellant-respondent.
Mackenzie Hughes, LLP, Syracuse (W. Bradley Hunt of counsel), for BCI Construction, Inc., appellant-respondent.
Harding Mazzotti, LLP, Albany (Peter P. Balouskas of counsel), for respondent-appellant.

Ceresia, J.
Cross-appeals from an order of the Supreme Court (Thomas D. Buchanan, J.), entered July 15, 2022 in Schenectady County, which (1) partially granted a motion by defendant BCI Construction, Inc. for summary judgment dismissing the complaint and cross-claims against it, and (2) denied motions by defendants 797 Broadway Group, LLC, Bay State Elevator Company and Flooring Environment, Inc. for summary judgment dismissing the complaint and cross-claims against them.

In 2007, defendant BCI Construction, Inc. entered into a contract to remodel a building owned by defendant 797 Broadway Group, LLC located in the City of Schenectady. BCI subcontracted with defendant Bay State Elevator Company to install a new elevator and with defendant Flooring Environment, Inc. to provide flooring. Following completion of the remodel, the building was leased to Schenectady County to serve as a county office building. In 2014, plaintiff, a county employee, was entering the elevator on the first floor when she tripped over a metal threshold plate and fell, sustaining injuries. It was later determined that the threshold plate, which was glued in place, had come loose. As a result, the plate was secured to the floor with bolts after the accident. Plaintiff thereafter commenced a negligence action against 797 Broadway and BCI, and a separate negligence action against Bay State and Flooring Environment, which were later consolidated by stipulated order.[FN1] Each defendant filed an amended answer containing cross-claims for indemnification and/or contribution, after which each defendant moved for summary judgment dismissing the complaint and cross-claims against it.
Finding that 797 Broadway had failed to make a prima facie showing that it lacked constructive notice of the allegedly dangerous condition of the threshold plate, Supreme Court denied its motion in full. Likewise, the court denied the motions of both Bay State and Flooring Environment, finding that on the question of who installed the threshold plate, their respective denials conflicted with one another and, therefore, a question of fact remained. As to BCI, however, the court concluded that there were no factual issues concerning its involvement in the installation of the threshold plate. As a result, the court granted BCI's motion, dismissed the complaint as against it and dismissed all cross-claims against it other than 797 Broadway's cross-claim for contractual indemnification. Defendants appeal, and plaintiff cross-appeals.
First, Supreme Court properly denied 797 Broadway's summary judgment motion. While an out-of-possession landlord generally is not responsible for dangerous conditions existing upon leased premises, an exception to this rule exists when the landlord has assumed a duty to perform maintenance and repairs (see Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1351 [2d Dept 2021]; Harkins v Tuma, 182 AD3d 678, 679 [3d Dept 2020]; Wayman v Roy Stanley, Inc., 122 AD3d 1119, 1120[*2][3d Dept 2014]). The lease between 797 Broadway and Schenectady County provided that, as the landlord, 797 Broadway would be responsible for all maintenance and repairs in the building, including but not limited to flooring and doors. The lease also contained a provision that 797 Broadway reserved the right to enter the premises upon reasonable notice in order to examine them and make any needed repairs for safety purposes. In view of this, 797 Broadway contracted with nonparty Galesi Management Corporation to perform property management services. Inasmuch as 797 Broadway thus assumed responsibility under the lease to maintain and repair the premises, it owed plaintiff a duty to keep them in a reasonably safe condition (see Bush v Mechanicville Warehouse Corp., 69 AD3d 1207, 1207 [3d Dept 2010]; cf. Rose v Kozak, 175 AD3d 1656, 1658-1659 [3d Dept 2019]).
Notwithstanding the foregoing, " 'without notice of a specific dangerous condition, [797 Broadway] cannot be faulted for failing to repair or otherwise rectify it' " (Pomeroy v Gelber, 117 AD3d 1161, 1162 [3d Dept 2014] [brackets omitted], quoting Chapman v Silber, 97 NY2d 9, 20 [2001]). With that in mind, as the movant, 797 Broadway bore the initial burden of establishing that it had maintained the premises in a reasonably safe condition and did not create, nor did it have actual or constructive notice of, the condition that led to plaintiff's injury (see Briggs v PF HV Mgt., Inc., 199 AD3d 1106, 1107 [3d Dept 2021]; Farrell v Ted's Fish Fry, Inc., 196 AD3d 893, 893-894 [3d Dept 2021]). In order to show a lack of constructive notice, 797 Broadway was required to "offer some evidence as to when the accident site was last inspected prior to . . . plaintiff's fall" (Harkins v Tuma, 182 AD3d at 679 [internal quotation marks, ellipsis and citation omitted]; see Faville v County of Albany, 163 AD3d 1297, 1298 [3d Dept 2018]). "Mere reference to general . . . inspection practices is insufficient to establish a lack of constructive notice" (Miller v Terrace City Lodge No. 1499, Improved Benevolent Protection Order of the Elks of the World of Yonkers, N.Y., Inc., 197 AD3d 643, 644 [2d Dept 2021] [citations omitted]).
In support of its motion, 797 Broadway submitted the sworn affidavit of David Fallati, who was employed by Galesi and acted as the property manager for the building. Fallati stated that he visited the building twice a week, "including the time period of the alleged incident." According to Fallati, he did not observe, or receive complaints about, any tripping hazards near the elevator threshold area where the accident occurred. We find that this proof was insufficient to establish that 797 Broadway lacked constructive notice of the condition of the threshold plate. Unlike trip-and-fall cases where the specific area in question was inspected on the date of the accident (see e.g. Facteau v Mediquest Corp., 162 AD3d 1386, 1387 [3d Dept 2018]; Maurer v John A. Coleman Catholic High School, 91 [*3]AD3d 1168, 1168 [3d Dept 2012]; Black v Kohl's Dept. Stores, Inc., 80 AD3d 958, 960 [3d Dept 2011]), Fallati's vague affidavit, in which he only stated generally that his inspections occurred twice per week, did not indicate when he had last inspected the elevator threshold area prior to plaintiff's fall. Thus, the Fallati affidavit failed to eliminate all factual questions "as to whether the alleged dangerous condition . . . existed for a sufficient period of time prior to plaintiff's fall to permit [797 Broadway] to discover it and take remedial action" (Hagin v Sears, Roebuck & Co., 61 AD3d 1264, 1266 [3d Dept 2009]; see Levine v Amverserve Assn., Inc., 92 AD3d 728, 729 [2d Dept 2012]; Deluna-Cole v Tonali, Inc., 303 AD2d 186, 186 [1st Dept 2003]; Edwards v Wal-Mart Stores, 243 AD2d 803, 803-804 [3d Dept 1997]).[FN2]
Next, we find that Supreme Court appropriately granted BCI's summary judgment motion. Although a contracting party generally owes no duty of care to a third party, "[a] contractor may be liable in tort where it fails to exercise reasonable care in the performance of its duties, and thereby launches a force or instrument of harm" (Santiago v Post Rd. Assoc., LLC, 201 AD3d 980, 982 [2d Dept 2022]; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; McEleney v Riverview Assets, LLC, 201 AD3d 1159, 1162 [3d Dept 2022]). BCI established, prima facie, that it did not launch a force or instrument of harm by providing evidence that its work on the building remodel was confined to exterior site work and the pouring of concrete at the ground level, and that it hired subcontractors to perform the interior work including flooring and elevator installation, thus showing that there was no connection between its work and the allegedly defective threshold plate (see McDaniel v City of New York, 209 AD3d 409, 410 [1st Dept 2022]; Rosenbaum, Rosenfeld & Sonnenblick, LLP v Excalibur Group NA, LLC, 146 AD3d 489, 490 [1st Dept 2017]). In an attempt to raise a question of fact, plaintiff relied upon an internal email sent by a Bay State employee after the accident, which indicated that installation of the threshold plate had been BCI's responsibility. However, this employee clarified in a subsequent sworn affidavit that he did not actually have any personal knowledge of who installed the plate, and had only made the statement in the email because he knew that the installation was not part of the scope of Bay State's work. Thus, under these circumstances, the email lacked probative value and did not raise a factual question (see e.g. Targeted Lease Capital, LLC v Wheel Equip. Leasing, LLC, 187 AD3d 1628, 1629 [4th Dept 2020]).
Moving on, we part ways with Supreme Court insofar as it determined that Bay State and Flooring Environment were not entitled to judgment as a matter of law. Similar to BCI, both Bay State and Flooring Environment met their respective prima facie burdens of demonstrating that they did not launch a force or instrument of harm [*4]by presenting proof that the installation of the threshold plate was not part of the scope of duties for which they were hired, that they typically do not install the type of plate that caused plaintiff's fall and that they did not, in fact, install the plate in question (see Santiago v Post Rd. Assoc., LLC, 201 AD3d at 982; Jackson v Bethel A.M.E. Church, 192 AD3d 868, 870 [2d Dept 2021]).
Plaintiff, in turn, failed to meet her shifted burden of demonstrating a triable issue of fact. Plaintiff relies upon the doctrine of res ipsa loquitur in furtherance of her position that either Bay State or Flooring Environment negligently installed the threshold plate. "Where the actual or specific cause of an accident is unknown, under the doctrine of res ipsa loquitur a jury may in certain circumstances infer negligence merely from the happening of an event and the defendant's relation to it" (Frank v Smith, 127 AD3d 1301, 1302 [3d Dept 2015] [internal quotation marks and citations omitted]). Supreme Court, while not expressly referencing res ipsa loquitur, appears to have implicitly relied upon this doctrine in finding that, because both Bay State and Flooring Environment denied installing the threshold plate, there is a question of fact as to whom, between the two, actually did so. However, "[a]lthough res ipsa loquitur may be utilized where more than one defendant may have been in control, the responsible defendants must share exclusive control of the instrumentality causing injury" (Bucsko v Gordon, 118 AD3d 653, 656 [2d Dept 2014] [internal citations omitted]; see Frank v Smith, 127 AD3d at 1302). Such circumstances are not present here, as plaintiff failed to provide proof that Bay State and Flooring Environment maintained exclusive control over the threshold plate (see Maldonado v Liberty El. Corp., 213 AD3d 493, 494 [1st Dept 2023]; Matson v Dermer Mgt., Inc., 200 AD3d 772, 773 [2d Dept 2021]; McDonald v Fitzgerald, 154 AD3d 927, 928 [2d Dept 2017]; Cox v Pepe-Fareri One, LLC, 47 AD3d 749, 749-750 [2d Dept 2008]). In that regard, there is no dispute that multiple other subcontractors worked on various aspects of the building renovation, including one subcontractor who did flooring work on all floors in the building. The mere fact that someone obviously must have installed the threshold plate does not, as Supreme Court seems to have concluded, necessarily mean that it had to have been either Bay State or Flooring Environment, and any conclusion to that effect is wholly speculative.
In addition to the foregoing, plaintiff did not raise a triable issue of fact as to Bay State's negligence by pointing to a flooring installer's deposition testimony that it was "pretty typical" that Bay State installed similar type threshold plates on other occasions that he had worked with them. Not only does this testimony fail to shed any light on who installed the threshold plate at issue in this particular case, but we also note that this witness, as part of the [*5]same deposition, conceded that he has never actually seen Bay State put in a threshold plate on any job, he never saw anyone install a threshold plate during the subject renovation project and he never had any discussions with anyone associated with Bay State during the course of the project. As such, the speculative testimony from this witness relied upon by plaintiff is insufficient to defeat summary judgment (see Madonia v City of New York, 164 AD3d 1320, 1323 [2d Dept 2018]). With respect to the fact that Bay State was hired to repair the threshold plate after plaintiff's fall, this evidence is likewise conjectural regarding the issue at hand; namely, whether Bay State installed the threshold plate. Said another way, a trier of fact would have to engage in rank speculation to conclude that, just because Bay State performed subsequent repair work, it must also have been the one that fitted the threshold plate in the first place.
In accordance with our determination herein, all cross-claims among the defendants, including 797 Broadway's cross-claim against BCI for contractual indemnification, are properly dismissed. Plaintiff's remaining contentions, to the extent not specifically addressed herein, have been considered and found to be unavailing.
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the order is modified, on the law, with one bill of costs to defendants BCI Construction, Inc., Bay State Elevator Company and Flooring Environment, Inc., by reversing so much thereof as 1) denied Bay State Elevator Company's and Flooring Environment, Inc.'s motions for summary judgment, 2) denied BCI Construction, Inc.'s motion for summary judgment with respect to defendant 797 Broadway Group, LLC's cross-claim for contractual indemnification, and 3) denied defendants' respective motions for summary judgment regarding the remaining cross-claims; said motions granted, complaint dismissed against defendants Bay State Elevator Company and Flooring Environment, Inc., and all cross-claims dismissed; and, as so modified, affirmed.

Footnotes

Footnote 1: In addition, 797 Broadway brought a third-party action against the County, which was eventually dismissed. 

Footnote 2: At oral argument, counsel for 797 Broadway referenced surveillance video footage and asserted that the condition of the raised or loose threshold plate was caused by a rolling cart that passed over the plate just a few minutes before plaintiff's accident. Even assuming that such an argument is properly before us, we note that the video, which depicts only a small portion of the plate, does not reveal whether the cart loosened or otherwise had any impact on the plate as it passed over it, such that this contention is speculative and does not suffice to establish 797 Broadway's prima facie entitlement to judgment as a matter of law.