Mermell v Ashokan Ctr., Inc. (2026 NY Slip Op 01109)

Mermell v Ashokan Ctr., Inc.

2026 NY Slip Op 01109

Decided on February 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 26, 2026

CV-25-0345 CV-25-1131
[*1]Barbara Mermell, Respondent,
vAshokan Center, Inc., et al., Appellants.

Calendar Date:January 12, 2026

Before:Garry, P.J., Clark, Pritzker, Powers and Corcoran, JJ.

Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for appellants.
Basch Keegan & Spada, LLP, Kingston (Derek J. Spada of counsel), for respondent.

Corcoran, J.
Appeals (1) from an order of the Supreme Court (David Gandin, J.), entered February 21, 2025 in Ulster County, which denied defendants' motion to vacate the note of issue, and (2) from an order of said court, entered July 17, 2025 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.
In February 2020, plaintiff tripped over a rock and fell on a pedestrian path at defendants' retreat center, where she worked as an independent contractor. She alleged that defendants negligently permitted a dangerous condition to exist on the path and failed to adequately illuminate the area where she fell. According to her bill of particulars, when she fell and hit her head in 2020 she aggravated an asymptomatic traumatic brain injury sustained in a 1987 motor vehicle accident for which she was awarded Social Security disability benefits. At her March 2024 deposition, she was questioned about her disability claim and how her abilities were diminished before her accident at defendants' premises. Defense counsel obtained some remote medical and forensic records and demanded an authorization to obtain her file from the Social Security Administration in anticipation of an independent medical examination.
At Supreme Court's direction, plaintiff filed a note of issue on July 8, 2024. Defendants moved to vacate the note of issue, arguing that the case was not ready for trial and that they could not prepare a defense because they had not received the disability records. In an order dated October 22, 2024, the court granted defendants' motion to vacate the note of issue. At a conference held on December 13, 2024, defendants advised the court that the disability records remained outstanding. The court directed plaintiff to again file a note of issue and scheduled a trial for October 20, 2025. Plaintiff filed a note of issue pursuant to the court's directive, prompting defendants' second motion to vacate the note of issue on the same grounds, namely, that the federal agency had not responded to the request for records. After determining that defendants had not pursued the records diligently, the court denied defendants' motion to vacate the note of issue on February 21, 2025. The court found defendants' claim of prejudice to be speculative, noted that the trial was scheduled for October 2025, and held that defendants could seek additional relief if they had not completed a physical examination in the interim. In April 2025, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, finding that defendants' own submissions raised material questions of fact. Defendants appeal from both orders.[FN1]
We affirm. "While a note of issue will generally be stricken if the case is not ready for trial, the motion to strike can be denied where the parties had sufficient time to complete discovery" (Rosen v Mosby, 180 AD3d 1253, 1256 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Lisa I[*2]. v Manikas, 188 AD3d 1369, 1371 [3d Dept 2020]). The trial court's disposition of a motion to vacate the note of issue will be disturbed only upon a showing of abuse of discretion (see Lindgren v Anoia, 224 AD3d 1105, 1107 [3d Dept 2024]).
Although the parties confirmed at oral argument that defendants still have not received the Social Security disability records, Supreme Court did not abuse its discretion in denying the motion to vacate the note of issue. Trial courts possess inherent authority to control their calendars and to supervise the progress of litigation (see Murray-Gardner Mgt. v Iroquois Gas Transmission Sys.,251 AD2d 954, 956 [3d Dept 1998]). Here, the court had scheduled the trial for October 2025, nearly 10 months after the December 2024 conference, and stated that it would entertain an appropriate application closer to trial if defendants had not conducted the physical examination due to outstanding requests for records. Given the potential indefinite delay and absent a concrete showing of prejudice, the court acted within its discretion in declining to vacate the note of issue, particularly when it invited a future application closer to trial and plaintiff identified possible alternative means to acquire relevant records. Defendants' arguments concerning any alleged prejudice related to post-note of issue discovery are conclusory and unavailing.
We also find that Supreme Court appropriately denied defendants' summary judgment motion. "[T]he owner of property has a nondelegable duty to maintain his or her property in a reasonably safe condition, taking into account foreseeability of injuries to others" (Gignak v Bruno, 237 AD3d 1351, 1353 [3d Dept 2025]). "In moving for summary judgment, defendant[s] bore the initial burden of establishing that [they] maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition" (Levitt v Tops Mkts., LLC, 240 AD3d 973, 974 [3d Dept 2025] [internal quotation marks and citations omitted]). "Constructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit the defendant[s] to discover it and take corrective action" (id. [internal quotation marks and citations omitted]; see Benjamin v Court Jester Athletic Club, Ltd., 217 AD3d 1206, 1206 [3d Dept 2023]). To satisfy this burden, defendants were required to offer evidence of when the accident site was last inspected prior to plaintiff's fall (see Lloyd v 797 Broadway Group, LLC, 216 AD3d 1290, 1292 [3d Dept 2023]). "[P]roof of regular inspections and maintenance of the area in question — including an inspection and any remedial action just prior to the incident — is ordinarily sufficient to satisfy a defendant's burden of showing no notice of a dangerous condition" (Stewart v Canton-Potsdam Hosp. Found., Inc., 79 AD3d 1406, 1407 [3d Dept 2010] [internal quotation marks [*3]and citation omitted]; see Faville v County of Albany, 163 AD3d 1297, 1298 [3d Dept 2018]). However, "[m]ere reference to general inspection practices is insufficient to establish a lack of constructive notice" (Lloyd v 797 Broadway Group, LLC, 216 AD3d at 1292 [internal quotation marks, ellipsis and citations omitted]; see Lisker v Vue Catering, Inc., 237 AD3d 921, 922 [2d Dept 2025]). "Whether a dangerous condition exists is generally a question for the jury" (Greblewski v Strong Health MCO, LLC, 161 AD3d 1336, 1336 [3d Dept 2018] [citation omitted]).
According to plaintiff, she exited the administration building between 5:30 p.m. and 6:00 p.m., walked several steps and tripped over "a large rock" on the gravel pathway. The pathway was bordered on each side by rocks like the one that caused plaintiff to trip. Defendants identified several sources of illumination near the location of the fall, including an exterior light fixture above the administration building entrance, two solar-powered pathway lights mounted on a wooden post, and light emanating from a lodge near the pathway.
Defendants did not satisfy their initial burden of establishing, as a matter of law, the absence of constructive notice of the rock in the pathway. Although defendants' manager verified the absence of prior complaints and characterized the pathway as heavily traveled on "any given day," defendants failed to establish that the relevant area was inspected at or near the time of plaintiff's fall (see Lloyd v 797 Broadway Group, LLC, 216 AD3d at 1292; compare Levitt v Tops Mkts., LLC, 240 AD3d at 975; Knickerbocker v Ulster Performing Arts Ctr., 74 AD3d 1526, 1527 [3d Dept 2010]).The manager's assertion that he routinely traversed the grounds, and that he walked over the pathway that day, without detailing the time or circumstances, constituted a mere general inspection practice that did not suffice to eliminate questions about whether the defect should have been discovered and remedied (see Lloyd v 797 Broadway Group, LLC, 216 AD3d at 1292; Minutolo v County of Broome, 130 AD3d 1202, 1204 [3d Dept 2015]). Accordingly, Supreme Court properly concluded that defendants failed to establish prima facie that they lacked constructive notice of a dangerous condition.
Turning to the premises lighting, defendants failed to establish, as a matter of law, that the illumination of the pathway at the time of plaintiff's accident was sufficient to render it reasonably safe. Plaintiff's testimony constituted the only evidence concerning the condition of the path on the evening of her fall.[FN2] While the manager averred that the photographs showed typical nighttime lighting conditions on the pathway, he did not explain when or why the photos were taken and defendants failed to provide any competent proof of the actual lighting conditions when plaintiff fell (see Harvey v Laz Parking Ltd, LLC, 128 AD3d 1203, 1205 [3d Dept 2015]; compare Revesz v Carey, 86 AD3d 821, 822 [3d Dept 2011]). Although [*4]the manager surmised that the lodge lights were likely turned on because a school group stayed at the lodge that night, defendants offered no direct proof of that assertion. Defendants' photographs did not show that the lodge lights effectively illuminated the spot where plaintiff fell. As Supreme Court aptly observed, while the light fixture above the administrative building door emitted a downward beam, a slanted awning underneath it partially blocked projection of that light and cast a shadow over the initial stretch of the pathway. Defendants' other photographs depicted the pathway, including the area where plaintiff fell after dark, with no visible illumination from nearby solar fixtures reaching that location. Because defendants' photographs raised triable questions about the illumination of the path, the court properly concluded they did not establish prima facie the sufficiency of the lighting. Accordingly, the court properly denied defendants' motion for summary judgment on the ground that they failed to demonstrate the absence of constructive notice of a dangerous condition in the first instance.
Garry, P.J., Clark, Pritzker and Powers, JJ., concur.
ORDERED that the orders are affirmed, with costs.

Footnotes

Footnote 1: This Court granted defendants' motion to stay the trial scheduled for October 20, 2025 pending resolution of these appeals.

Footnote 2: While defendants argue that plaintiff never specifically testified that inadequate lighting contributed to her fall, plaintiff alleged in her bill of particulars that insufficient illumination along the pathway was a contributing cause of the accident. Additionally, at her deposition, when plaintiff was asked whether she could see where she was going, she responded that it "wasn't pitch black, but it was pretty dark." Nor could she describe the exact size of the rock because it was "dark" at the time of her accident.