Antunez v Denoia
2026 NY Slip Op 03417
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Santos Antunez, appellant,
v
Carmine Denoia, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-00176, (Index No. 603484/18)
Colleen D. Duffy, J.P.
Francesca E. Connolly
Laurence L. Love
Susan Quirk, JJ.

Dell & Dean, PLLC (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Wade Clark Mulcahy LLP, New York, NY (Abed Z. Bhuyan and Brian Gibbons of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated December 20, 2023. The order, insofar as appealed from, granted those branches of the defendant's renewed motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's renewed motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence are denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while renovating a bathroom in a house owned by the defendant. The plaintiff alleged that on the day of the accident, he was directed by his employer, the defendant's contractor, to demolish a wall in the bathroom. According to the plaintiff, there was a hole in the bathroom floor, which the plaintiff described as six to eight inches in width and approximately five to six inches away from the wall he was told to demolish. The plaintiff alleged that as he pulled a piece of sheetrock to detach it from the wall, it fell toward him, causing his left foot to slip forward and fall into the hole.
The complaint asserted causes of action alleging, inter alia, a violation of Labor Law § 200 and common-law negligence. After the plaintiff filed a note of issue, the defendant made a renewed motion, among other things, for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. The Supreme Court granted those branches of the renewed motion. The plaintiff appeals.
"Labor Law § 200 is a codification of the common-law duty of property owners . . . to provide workers with a safe place to work" (Murphy v 80 Pine, LLC, 208 AD3d 492, 495 [internal quotation marks omitted]; see Pisculli v Tew, 238 AD3d 919, 921). "When, as here, a plaintiff has alleged that his [or her] injuries arose from a dangerous condition on the premises, a defendant may be liable under [the] common law and Labor Law § 200 if the defendant either [*2]created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition" (Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1259; see Ramos v Kent & Wythe Owners, LLC, 236 AD3d 693, 697). "A defendant has constructive notice of a defect when it is visible and apparent and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (Araujo v Monadnock Constr., Inc., 241 AD3d 470, 474 [internal quotation marks omitted]; see Wright v Pennings, 233 AD3d 827, 830). However, "[w]here the condition at issue is both open and obvious and not inherently dangerous, a defendant is not liable under either a theory of common[-]law negligence or Labor Law § 200" (Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d at 1259 [internal quotation marks omitted]; see Sanchez v BBL Constr. Servs., LLC, 202 AD3d 847, 849).
Here, the defendant's submissions failed to eliminate all triable issues of fact as to whether the hole was open and obvious and not inherently dangerous in light of all of the surrounding circumstances (see Lloyd v Liberty Beer Depot, Inc., 241 AD3d 530, 531; Kane v Peter M. Moore Constr. Co., Inc., 145 AD3d 864, 868). "Some hazards, although discernable, may be hazardous because of their nature and location" (Lloyd v Liberty Beer Depot, Inc., 241 AD3d at 531 [internal quotation marks omitted]; see Blackwood v E.S.F. Transp., Inc., 231 AD3d 923, 925). The plaintiff's deposition testimony, which the defendant submitted in support of his motion, raised a triable issue of fact as to whether the hole's location in relation to the wall prevented him from situating himself properly in order to demolish the wall safely and/or avoid the falling sheetrock (see Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d at 1260). Further, the defendant failed to eliminate all triable issues of fact as to whether the hole existed for a sufficient length of time prior to the plaintiff's accident to permit the defendant to discover and remedy it (see Araujo v Monadnock Constr., Inc., 241 AD3d at 472; Blackwood v E.S.F. Transp., Inc., 231 AD3d at 925).
The duty under Labor Law § 200 to provide construction-site workers with a safe place to work "does not extend to hazards which are part of or inherent in the very work which the contractor is to perform, or where the [workers] are engaged for the specific purpose of repairing the defect" (Vindell v Site 2 DSA Owner, LLC, 239 AD3d 688, 690 [internal quotation marks omitted]; see Vitale v Astoria Energy II, LLC, 180 AD3d 1104, 1105-1106). Here, the defendant's submissions did not eliminate all triable issues of fact as to whether the hole in the bathroom floor was part of, or inherent in, the work that the plaintiff was hired to perform. At his deposition, the plaintiff testified that on the day of his accident, he received no instruction from his employer to do any work to the bathroom floor and that his orders were to demolish the bathroom wall. Although the defendant testified at his deposition that he hired the contractor to put in a new floor, inter alia, in the bathroom, he had no written contract with the contractor that set forth the scope of work, nor did he submit any written instructions or plans provided to the contractor regarding the scope of work.
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are without merit.
DUFFY, J.P., CONNOLLY, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court